COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Michael Daniel Bott v. The State of Texas

Appellate case number:    01-16-00606-CR

Trial court case number:   MD-0359851

Trial court:                       County Court at Law No. 3 of Galveston County

Proceeding pro se, appellant, Michael Bott, has filed a notice of appeal of a judgment of conviction for the misdemeanor offense of assault family violence. The trial court has certified that this case "is not a plea-bargain case as to the guilt-innocence phase, and the defendant has the right of appeal." The clerk's record filed in this Court reflects that appointed counsel represented appellant in the trial court. Appointed trial counsel moved to withdraw, stating appellant indicated he wished to appeal the judgment, and requesting appointment of appellate counsel. The trial court granted counsel's motion but did not appoint counsel to represent appellant on appeal. Additionally, the court reporter has filed an information sheet stating that appellant has requested preparation of the reporter's record but "has not paid or made arrangements to pay for the record and is not appealing as indigent."

Accordingly, we abate the appeal and remand the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Galveston County District Attorney's Office and appellant shall be present. If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

---

1    On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(1) determine whether appellant still wishes to prosecute the appeal;
(2) determine whether appellant is now indigent;
(3) if appellant is indigent:
    a.    appoint appellate counsel at no expense to appellant, and
    b.    order the court reporter to prepare and file the reporter's record with this Court at no cost to appellant;
(4) if appellant is not indigent:
    a.    determine whether he has retained an attorney to file a brief and, if so, obtain the name, address, and telephone number of retained counsel;
    b.    if appellant has not retained counsel, admonish appellant of the dangers of self-representation, and
        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel, or
        ii.  if appellant does not wish to proceed pro se, provide a deadline by which he must hire an attorney;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 20.2.; *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Russell Lloyd</u>
                         ☒ Acting individually


Date: <u>November 8, 2016</u>